NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIA IXTOS-QUIEMA DE
COLOP; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3828

Agency Nos.
A201-921-092
A201-921-093

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2024[**]

Before: SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Antonia Ixtos-Quiema De Colop and her child, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, and denying lead petitioner's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review.

Petitioners' notices to appear did not include the date and time of the hearing. We remand for reconsideration in light of *Matter of Fernandes*, 28 I. & N. Dec. 605 (BIA 2022), decided after briefing before the BIA was completed. Under the circumstances, exhaustion was not required. *See Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) ("We do not require an alien to exhaust administrative remedies on legal issues based on events that occur *after* briefing to the BIA has been completed.").

In light of our remand, we do not reach the agency's denial of asylum, withholding of removal, and CAT protection.

The motion for a stay of removal is granted. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED; REMANDED.**